IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| CHARLES WILLIAM OCHLECH, III, | Cause No. CV 11-00068-GF-SEH-RKS |
|---|---|
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS CASE |
| TERESA SCHNEE, registered nurse; TODD GIANARELLI, physician; MICHAEL HEGMAN, physician; and JOHN AND JANE DOE, | |
| Defendants. | |

## I. SYNOPSIS

Pending is Plaintiff Charles Ochlech's Amended Complaint. C.D. 6. After review under 28 U.S. C. §§ 1915(e)(2) and 1915A, the Amended Complaint fails to state a claim upon which relief may be granted. This matter should be dismissed.

This action presents a federal question over which jurisdiction lies pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a), and 42 U.S.C. § 1983.

## II. STATEMENT OF CASE

### A. PARTIES

Mr. Ochlech is a prisoner proceeding without counsel. He is incarcerated at Montana State Prison in Deer Lodge, Montana. The defendants named in the original Complaint are: Teresa Schnee, a registered nurse; Todd Gianarelli, physician; and John and Jane Doe. C.D. 2, p. 4. In his Amended Complaint, Mr. Ochlech adds Dr. Michael Hegman as an additional defendant. C.D. 6, p. 3.

### B. FACTUAL ALLEGATIONS

In the Amended Complaint, Mr. Ochlech contends he has been denied suitable nutrition for his stomach disorder–diverticulosis. He alleges that on August 22, 2011, Dr. Gianarelli ordered him to have a special diet for his symptoms. That order was then canceled by Dr. Hegman.

Mr. Ochlech seeks to hold Dr. Hegman liable for ignoring Dr. Gianarelli's order; Dr. Gianarelli liable for not thoroughly explaining the importance and need for the special diet; and Nurse Schnee liable for not helping Mr. Ochlech request a special diet. C.D. 6, p. 5.

In the injury section of the Amended Complaint, Mr. Ochlech states that, "[d]ue to the test to prove to Dr. Gianarelli that I have a problem, I caused myself severe rectal bleeding and a high risk of fatal infections for several days." C.D. 6, p. 6. He alleges that as a result of Defendants' actions he suffers from hunger pains and severe constipation, severe mental anguish, and stress. C.D. 6, p. 6.

Mr. Ochlech seeks an order requiring the prison to provide him a diet without the foods which cause his diverticulosis symptoms.

**III. 28 U.S.C. §§ 1915(e)(2), 1915A REVIEW**

Mr. Ochlech is a prisoner proceeding in forma pauperis so his claims are reviewed under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A to determine if the allegations are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.

To state an Eighth Amendment claim for failure to provide medical care, a prisoner must allege that a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976); Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). A plaintiff may demonstrate deliberate indifference by "showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) citing McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1991).

Mr. Ochlech has still not alleged sufficient facts to state an Eighth Amendment denial of medical care claim. Mr. Ochlech does not allege his medical condition was ignored. He alleges that doctors disagreed. An incorrect diagnosis

alone is insufficient to establish deliberate indifference. Ordinary medical malpractice is not enough to state an Eighth Amendment claim. Estelle, 429 U.S. at 106. An alleged difference of opinion between medical professionals over the appropriate treatment may not even allege malpractice, much less deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). "[W]here a defendant has based his actions on a medical judgment that either of two alternative courses of treatment would be medically acceptable under the circumstances, plaintiff has failed to show deliberate indifference, as a matter of law." Jackson, 90 F.3d at 332. In order to prevail, Mr. Ochlech would have to allege that "the course of treatment the doctors chose was medically unacceptable under the circumstances and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson, 90 F.3d at 332 (internal citations omitted).

The allegations fall far short of that standard. Mr. Ochlech admits that he "caused [him]self severe rectal bleeding" in order to get Dr. Gianarelli to order the special diet. C.D. 6, p. 6. Two separate doctors assessed Mr. Ochlech's situation. The fact that they allegedly disagreed about Mr. Ochlech's need for a special diet does not allege deliberate indifference.

## IV. CONCLUSION

### A. Leave to Amend

Mr. Ochlech has failed to state a claim upon which relief may be granted as set forth above. The defects discussed above cannot be cured by the allegation of additional facts and will be recommended for dismissal.

### A. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). This dismissal constitutes a strike because Mr. Ochlech failed to state a claim upon which relief may be granted.

### B. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> > (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App. P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. See <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." <u>Gardner v. Pogue</u>, 558 F.2d 548, 551 (9th Cir. 1977) (<u>quoting Coppedge</u>, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325, 327 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1225 (9th Cir. 1984).

The finding that Mr. Ochlech's Complaint fails to state a claim upon which relief may be granted is so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

It is **RECOMMENDED**:

1. This matter should be dismissed with prejudice for failure to state a claim upon which relief may be granted. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that this

dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Mr. Ochlech's failure to state a claim.

    3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. Mr. Ochlech's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit. The record makes plain the Amended Complaint is frivolous as it lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

    Pursuant to 28 U.S.C. § 636(b)(1), Mr. Ochlech may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

    If Mr. Ochlech files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on

to contradict that finding. In addition, he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objection to these Findings and Recommendations may preclude Mr. Ochlech from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 28th day of February, 2012.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge